UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

MATTHEW DAVIS,

        Petitioner,

  -against-

E. WILLIAMS,

        Respondent.

**MEMORANDUM OF DECISION**

24-CV-175 (VDO)

---

**VERNON D. OLIVER**, United States District Judge:

Petitioner Matthew Davis is a federally sentenced inmate currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). He brings this action *pro se* under 28 U.S.C. § 2241 seeking retroactive time credits under the First Step Act ("FSA") for the period before he was sentenced for a nonqualifying offense. In response to the Court's order to show cause, Respondent argues that the petition should be denied because Petitioner is ineligible for the time credits. For the following reasons, the petition is **denied**.

**I.    BACKGROUND**

On October 27, 2015, Petitioner was sentenced in the United States District Court for the Southern District of New York to a 240-month term of imprisonment with a ten-year term of supervised release for conspiracy to distribute narcotics in violation of 21 U.S.C. § 846. Doc. No. 16-1, Breece Decl. ¶ 5 & Ex. 1. On January 20, 2022, Petitioner was sentenced in the United States District Court for the Middle District of Pennsylvania to a ten-day term of imprisonment with no supervised release, to be served consecutive to the sentence imposed in the Southern District of New York, for being an inmate in possession of a prohibited object, namely a cell phone, in violation of 18 U.S.C. § 1791(a)(2). *Id.* ¶ 6 & Ex. 2. In accordance with 18 U.S.C. §

3584(c), the BOP aggregated the two terms of imprisonment into one 240-month, 10-day term of imprisonment. *Id.* ¶ 7 & Ex. 3.

Petitioner was incarcerated at the United States Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP Springfield"), when he filed this petition in November 2023. In the petition, he challenges the Bureau of Prisons' ("BOP") determination that he is ineligible to receive FSA time credits and argues that he should receive time credits for the period prior to his conviction on January 20, 2022. He has since been transferred to FCI Danbury and his case was transferred to this district.

## II.     LEGAL STANDARD

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed pursuant to section 2241 may be used to challenge the execution of a prison sentence. Thus, section 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006).

## III.    DISCUSSION

Petitioner contends that, between December 21, 2018, when FSA time credits were first available until January 19, 2022, he was not serving a sentence for a crime that rendered him ineligible for FSA time credits and argues that he should have been assessed as a low risk of recidivism during the entire period. He seeks retroactive application of time credits for that period. By Order to Show Cause issued March 1, 2024, the Court directed the respondent to address Petitioner's claims on the merits and his contention that exhaustion of administrative remedies should be excused. Respondent notes that exhaustion of administrative remedies should not be excused but does not assert failure to exhaust as a defense. Resp't's Mem., Doc.

No. 16, at 2 n.2. Rather, Respondent argues that the petition should be denied because Petitioner's aggregated sentence renders him ineligible to receive FSA time credits.

On December 21, 2018, Congress enacted the First Step Act ("FSA"), which was intended to encourage federal inmates to participate in evidence-based recidivism reduction programs ("EBRRs") and other productive activities ("PAs"). Inmates earn time credits upon successful participation in these activities and the time credits qualify the inmates for early release from custody. *See* 18 U.S.C. §§ 3632(d)(4)(C), 3624(g)(1)(A). An inmate "may earn time credits only for completing programs to which he has been specifically assigned based on his particular recidivism risk." *Milchin v. Warden*, No. 3:22-CV-195(KAD), 2022 WL 168836, at *3 (D. Conn. May 25, 2022). Application of the time credits will enable an inmate to be transferred sooner to prerelease custody, either in a residential reentry center, on home confinement, or supervised release. *See* 18 U.S.C. § 3624(g).

Eligible inmates assessed as minimum or low risk of recidivism earn 10 days of time credits for every 30 days of successful participation in the programs. 18 U.S.C. § 3632(d)(4)(A)(i). If an eligible inmate is determined to be a minimum or low risk of recidivism for two consecutive assessments, that inmate earns 15 days of time credits for every 30 days of successful participation in the programs. 18 U.S.C. § 3632(d)(4)(A)(ii). Although an inmate accumulates FSA time credits each month, he is eligible to have those credits applied only when he has "earned time credits under the risk and needs assessment system ... in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A); *see also Pujols v. Stover*, No. 3:23-cv-564(SVN), 2023 WL 4551423, at *2 (D. Conn. July 14, 2023) (collecting cases).

3

In addition to several situations where an otherwise eligible inmate will not be considered as "successfully participating" in EBRRs or PAs to be considered for FSA time credits, the statute includes a list of sixty-eight statutes, the violation of which renders an inmate ineligible for FSA time credits. *See* 18 U.S.C. § 3632(d)(4)(D); *see also* 28 C.F.R. 523.41(d)(2) ("If the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits."). One listed statute is "Section 1791, relating to providing or possessing contraband in prison." 18 U.S.C. § 3632(d)(4)(D)(xxix).

Following Petitioner's conviction on January 20, 2022 of the ineligible offense, the BOP aggregated his sentences. Certainly, after that date, Petitioner was no longer eligible to accumulate FSA time credits. Indeed, Petitioner concedes this fact. The issue, however, is how the period prior to January 20, 2022 is treated.

In support of the petition, Petitioner has submitted copies of his administrative remedy documents, including an Administrative Remedy Withdrawal statement not written in his handwriting. It reads: "Decision of the Unit Team deeming inmate Davis ineligible to earn Time Credits under the FSA to be reversed. The Unit Team agrees to deem you Eligible." *See* Pet'r's Mem., Doc. No. 1-3, at 8 (dated February 18, 2020, signed by Petitioner and Unit Manager Miles, regarding administrative remedy 1003563-F-1). Respondent does not acknowledge or explain this document. Instead, he submits Declaration of Mandy Breece, the Case Management Coordinator, who states that Petitioner did not drop to a low risk of recidivism, so as to be eligible to accumulate FSA time credits until January 2, 2022 and "there is nothing in BOP records to suggest he was assessed incorrectly." Doc. No. 16-1 ¶ 11 n.1. Although the positions appear contradictory, the Court need not resolve this issue to decide the case.

4

Respondent argues that the BOP's position always has been that, when one part of an aggregated sentence disqualifies the inmate from accumulating FSA time credits, the inmate is disqualified while serving the entire aggregated sentence and refers the Court to many cases from across the country supporting this position. The Court has reviewed all of the cited cases. In nearly all of the cases, the sentences were imposed as the result of one judgment and then aggregated. The prisoners were asking the courts to order BOP to parse the aggregated sentence and deem them eligible to accumulate FSA time credits because the sentence for the ineligible charge was concluded or, if the sentence was consecutive, had yet to commence. The courts rejected those requests as contrary to the BOP's long-standing obligation to aggregate sentences for administrative purposes. *See, e.g., Giovinco v. Pullen*, No. 3:22-CV-1515(VAB), 2023 WL 1928108, at *2-3 (D. Conn. Feb. 10, 2023).

Only one cited case, *Williams v. FCI Berlin*, No. 22-cv-564-JL, 2023 WL 5961688 (D.N.H. Aug. 1, 2023), *report and recommendation adopted*, 2023 WL 5959740 (D.N.H. Sept. 13, 2023), had facts similar to the facts here, with the ineligible charge imposed years after the eligible charge. Research has revealed several other cases with similar circumstances. In each case, relief was denied. *See Ulloa v. Cruz*, No. 1:23-CV-0776, 2024 WL 1117092 (M.D. Pa. Mar. 14, 2024); *Walker v. LeMaster*, No. 23-CV-77, 2023 WL 9119778 (E.D. Ky. Dec. 15, 2023), *appeal dismissed without opinion*, No. 24-5064 (6th Cir. Feb. 14, 2024); *Limbrick v. Rivers*, No. 2:23-CV-312, 2023 WL 8481850 (N.D. Tex. Oct, 13, 2023), *Satizabal v. Edge*, No. 2:23-CV00040, 2023 WL 574693 (E.D. Ark. Sept. 6, 2023) (report and recommendation); *Pena v. Barrazo*, No. 3:23-CV-0300, 2023 WL 3483238 (M.D. Pa., May 16, 2023).

In *Ulloa*, the court noted that several years had passed between Ulloa's original sentence and his conviction for possession of contraband in prison and that the two sentences were very

5

dissimilar, ten years and then one month. *See* 2024 WL 1117092, at *3. Petitioner's sentences also are dissimilar, twenty years and then ten days. The *Ulloa* court, however, agreed with the analysis in *Satizabal*:

> It is tempting to second-guess whether the drafters of the FSA could have envisioned the interaction of the FSA and the 1984 aggregation statute [18 U.S.C. § 3584] resulting in the outcome of this case. However, the courts' prior interpretation of the aggregation statute as applied to the RDAP cases was known before the FSA was enacted. The drafters of the FSA also intentionally excluded [FSA] eligibility for inmates convicted of a misdemeanor for possession of a prohibited object in prison while not excluding eligibility of inmates convicted of a misdemeanor for assault. And they did not carve out an exception in cases in which sentences are imposed many years apart.

*Id.* (quoting *Satizabal*, 2023 WL 574693, at *2). Thus, the court held that because Ulloa was serving the second sentence "as part of his 'single, aggregate term of imprisonment.' 18 U.S.C. § 3584(c), he is statutorily ineligible to receive FSA time credits." *Id.*

This Court agrees with the analysis in *Ulloa* and the other cases considering this issue. Although the Court is sympathetic to Petitioner's plight, the plain language of the FSA and the aggregation statute require that the petition be denied.

## IV. CONCLUSION

The petition for writ of habeas corpus [Doc. No. 1] is **DENIED.** The Clerk is respectfully directed to close this case.

**SO ORDERED.**

Hartford, Connecticut
May 9, 2024

 s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge